**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

DENNIS EDGARDO FUNES GRIJALVA,

Petitioner,

v. Case No. 2:26-cv-01990-KWR-KRS

TODD BLANCHE, U.S. Attorney General*, et al,*

Respondents.

**ORDER GRANTING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen in ICE detention. He alleges that his detention violates due process. Respondents concede a due process violation occurred under Tenth Circuit law. As explained below, Petitioner's habeas petition is well-taken and is therefore **GRANTED in part**.

**BACKGROUND**

Petitioner, a citizen of Honduras, is in ICE custody at the Otero County Processing Center in New Mexico. It appears that Petitioner was paroled into the United States. Petitioner was arrested for harassment and DUI, but those charges were dismissed. Petitioner was ordered removed but he appealed his removal order. The record does not suggest that his parole was revoked or expired, or the reason for any revocation. Respondents concede that Petitioner's arrest and subsequent detention did not comply with Tenth Circuit law.

**DISCUSSION**

Petitioner asserts that his detention violates due process. Respondents concede that controlling Tenth Circuit authority required immigration authorities to conduct an individualized assessment before detaining Petitioner. *See Marczak v. Greene,* 971 F.2d 510, 515 (10th Cir. 1992); *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1219 (10th Cir. 2001). *Marczak* held that an individualized assessment was required when deciding whether to grant or deny parole. *Sierra* applied *Marczak* to the discretionary revocation of parole. The record does not suggest that his parole was revoked or the reason for any revocation. Moreover, the record does not suggest that his parole expired. Respondents admit that no individualized assessment occurred in this case. Respondents do not assert that his parole automatically expired. Therefore, Petitioner's due process rights were violated.

Because the Petition is not contested, and for the reasons above, the Court will order Petitioner's immediate release from custody. The Court's opinion should not be construed as prohibiting his future detention, such as if his parole is properly revoked, or if § 1231 detention applies.

**IT IS THEREFORE ORDERED** that the Petition (**Doc. 1**) is hereby **GRANTED in part** for reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall release Petitioner within **twenty-four (24) hours** of the entry of this order under appropriate conditions of supervision.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE